# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 3:19-cv-00140 |
| ) | |
| v. ) | District Judge Mills |
| ) | Magistrate Judge Percy |
| VALLEY TOOL, INC. ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## CONSENT DECREE

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America authorized by Congress to enforce federal laws prohibiting employment discrimination. The Commission enforces Title I of the Americans with Disabilities Act of 1990. Among other things, the ADA prohibits employers from discriminating in employment because of an employee's disability or because an employee opposed unlawful employment practices.

Defendant Valley Tool, Inc. is a machine job shop that offers additional services such as parts certification/sub-assembly work and dunnage washing. Valley Tool is located in Water Valley, Mississippi.

The Commission and Valley Tool enter into this Consent Decree to resolve this case.

The Commission brought this civil action against Valley Tool to remedy unlawful employment practices that violate the ADA as alleged in the Complaint filed on June 27, 2019.

The Complaint alleges Valley Tool failed to provide a reasonable accommodation to former employee Veronica Folson. The Complaint additionally alleges Valley Tool removed Folson from the work schedule, placed Folson on an involuntary leave of absence, and then discharged Folson because of her disability and in retaliation for Folson's complaints about disability-related comments made by Folson's supervisor. The Complaint also alleges Valley Tool failed to maintain medical records separate from employee personnel files.

Valley Tool expressly denies the allegations in the Commission's Complaint.

The parties stipulate they have negotiated the terms of this Decree to reach a final resolution of the case. The parties further stipulate this Decree does not constitute an admission, adjudication, or a finding on the merits of the case. The parties consent to entry of this Decree to avoid the additional expense and other burdens arising from continued litigation of the case. The parties also stipulate the terms and conditions of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating employment discrimination.

This Decree constitutes the complete and exclusive agreement between the Commission and Valley Tool with respect to the matters contained in this Decree. No waiver, modification or amendment of any provision of this Decree shall be effective unless executed in writing. The parties have not made any representations or inducements to compromise this action other than those representations or inducements contained or referenced in this Decree. In the event the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit.

## FINDINGS

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds:

1. The terms of this Decree are fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Valley Tool, and the public interest.

2. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person. Entry of this Decree furthers the objectives of the ADA and appears to be in the best interest of the public.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

### I. JURISDICTION

1. The United States District Court for the Northern District of Mississippi, Oxford Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this Court to enforce this Decree or the right of the Commission to seek enforcement in the event Valley Tool breaches any of the terms of this Decree.

### II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in this case, Civil Action No. 3:19-cv-00140, alleging disability discrimination and retaliation by Valley Tool based on Charge No. 490-2017-01824, filed by Veronica Folson. This Decree resolves only Charge No. 490-2017-01824 and this civil action.

4. Upon the date the Court enters this Decree, the provisions of the Decree become effective immediately and shall bind the parties for three years thereafter.

### III. INJUNCTIVE RELIEF

5. Valley Tool, its officers, agents, employees, and all persons acting in concert with Valley Tool are enjoined from denying a disabled sorter's request for disability-related time off

3

from work if the request is reasonable; a request may be unreasonable if it creates an undue hardship for Valley Tool.

6. Valley Tool, its officers, agents, employees, and all persons acting in concert with Valley Tool are enjoined from removing sorters from the work schedule, placing sorters on an involuntary leave of absence, or discharging sorters because of their disability.

7. Valley Tool, its officers, agents, employees, and all persons acting in concert with Valley Tool are enjoined from removing sorters from the work schedule, placing sorters on an involuntary leave of absence, or discharging sorters because they oppose disability-related comments made by members of management.

## IV. TRAINING

8. On an annual basis for three years, Valley Tool will provide disability discrimination training to all supervisory and management employees and owners at its workplace according to the following terms:

   (a) The training will review Valley Tool's "Equal Opportunity Employment and Non-Discrimination" and "Americans with Disabilities Act (ADA)" policies with all its supervisory and management employees and owners.

   (b) The training will also educate supervisory and management employees and owners on how to recognize unlawful disability discrimination.

9. Valley Tool will provide additional training to its managers and supervisors regarding the appropriate response to reports of disability discrimination or incidents of disability discrimination personally witnessed by managers and supervisors.

10. Valley Tool will retain an outside trainer to design and conduct the training required by Section IV. The trainer shall have a minimum of seven years' experience in labor and employment law.

11. Valley Tool will conduct the first training within 180 days of entry of this Decree. Valley Tool shall repeat all training required under Section IV annually for the duration of this Decree

12. Valley Tool shall require all training attendees to sign and date an attendance form and send all completed forms to the Commission at the email address below.

13. At least two weeks before each training session, Valley Tool shall notify the Commission of the date and location of the training and provide a description of the training materials that Valley Tool intends to use.

14. Valley Tool's President, Cayce Washington, will participate in each live training session held under this Decree and expressly state to all attendees at the training:

(a) Valley Tool takes its obligations and prohibitions under all EEO laws seriously and seeks to create a workplace free of discrimination and retaliation;

(b) Valley Tool expects its employees to do the same, which is the purpose of this training;

(c) Valley Tool does not condone and will not tolerate any type of unlawful discrimination in the workplace and all employees (management and non-management) are expected to report the same;

(d) Valley Tool will not retaliate against individuals who report or oppose acts made unlawful by federal EEO laws and/or individuals who participate in protected activity under federal EEO laws; and

5

(e) Engaging in unlawful discrimination or retaliation or failure to report unlawful discrimination or retaliation will result in discipline, up to and including termination.

## V. INDIVIDUAL RELIEF

15. In compromise and settlement of these disputed claims, Valley Tool agrees to pay a total of $32,500 [$30,000 in compensatory damages and $2,500 in back wages and interest] to Veronica Folson in full and final settlement of any and all claims brought, or which could have been brought, in this action.

16. Valley Tool will issue Veronica Folson an IRS Form W-2 for the back pay amount and withhold all applicable taxes and deductions from that amount.

17. Valley Tool will issue Veronica Folson an IRS Form 1099 for the compensatory damages amount and list the amount as "other income."

18. Within 10 days of the entry of this Decree, Valley Tool shall separately mail two checks, via certified mail, to Veronica Folson at the address to be provided by the Commission. Concurrently, a copy of the checks and related documents will be mailed electronically to the Commission at the address below.

19. Late payment of a check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

20. As a condition of receiving payment, Veronica Folson will execute the form Release attached hereto as Exhibit A.

21. Valley Tool shall supply a neutral reference in response to any employment inquiries or reference checks regarding Veronica Folson. Valley Tool shall not mention the charge of discrimination or this action as part of the neutral reference. The neutral reference shall be in

the form and manner as attached at Exhibit B. This provision shall remain in force as long as Veronica Folson continues to use Valley Tool as a reference and is not limited to the duration of this Decree.

## VI. RECORDKEEPING AND REPORTING PROVISIONS

22. Valley Tool will maintain records of any complaints of disability discrimination involving any of its employees or managers. These records must include the following:

(a) the names, addresses, telephone numbers and social security numbers of each employee making a complaint;

(b) the date of the report or complaint;

(c) a detailed description of the allegations made;

(d) the names of any witnesses;

(e) the name and position of the alleged bad actor; and

(f) what actions, if any, Valley Tool took to resolve the complaint.

23. Valley Tool shall provide three annual reports to the Commission at the email address below as follows:

(a) Valley Tool shall submit the first report 12 months after entry of the Decree,

(b) Valley Tool shall submit the second report 24 months after entry of the Decree; and

(c) Valley Tool shall submit the third report 33 months after entry of the Decree.

24. Each report shall provide the following details:

(a) describe all complaints of disability discrimination (as described above in paragraph 22) by Valley Tool's employees;

(b) describe the remedy or remedies offered to the employee; or, if no remedy was offered, describe the reason for not offering a remedy; and

(c) include a certification by Valley Tool that the notice required to be posted by paragraph 26 of this Decree remained posted from the entry of the Decree until the date of the report.

## VII. MONITORING

25. The Commission shall have the right to monitor and review compliance with this Decree. Valley Tool will cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

(a) attend training sessions required by this Decree;

(b) review any and all documents required by this Decree;

(c) interview management (in the presence of Valley Tool's counsel) related to the requirements of this Decree; and

(d) inspect Valley Tool's premises for compliance with this Decree upon four days' prior notice to Valley Tool.

## VIII. NOTICE

26. Valley Tool shall post conspicuously at all its worksites the notice (poster) required by the ADA. In addition, Valley Tool shall post at all its worksites, in a location conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit C, for a period of three years commencing within ten days after entry of this Decree by the Court.

27. Valley Tool shall distribute a copy of this Decree to the president/owner and human resources manager.

## IX. NOTIFICATION OF SUCCESSORS

28. Prior to any assignment, succession, acquisition, merger, or consolidation affecting Valley Tool, Valley Tool shall provide notice and a copy of this Decree to any successors, assigns,

subsidiaries, affiliates, any other corporation or other entity that acquires Valley Tool, and any other corporation or other entity into which Valley Tool may merge, or with which Valley Tool may consolidate. The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree.

## X. ENFORCEMENT

29. If Valley Tool fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide written notice to James Harper, counsel for Valley Tool, of any deficiency in complying with the terms of the Decree and provide a period of 28 days to resolve such deficiencies. If the parties are unable to reach agreement regarding resolution of any such deficiency in Valley Tool's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI. SEVERABILITY

30. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

## XII. COSTS AND EXPENSES

31. Each party to this Decree shall bear its own costs, attorney fees, and expenses in this lawsuit.

## XIII.  NOTICES AND OTHER COMMUNICATION

32. All notices, certifications, reports, or other communications that this Decree requires the parties to exchange shall be in writing and transmitted as follows:

(a) To the Commission, via electronic mail to:

EEOC-MEDO-decree-monitoring@eeoc.gov

(b) To Valley Tool, via electronic mail to:

Cwashington@valleytoolinc.com

james@harperlittlelaw.com

Any party may change the contact information by written notice to the other parties setting forth the new information.

**IT IS SO ORDERED** THIS 11th DAY OF MARCH 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

APPROVED FOR ENTRY BY THE PARTIES:
FOR THE PLAINTIFF

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

*/s/ Faye A. Williams*
FAYE A. WILLIAMS (TN Bar #11730)
Regional Attorney

/s/ *Markeisha K. Savage*
MARKEISHA K. SAVAGE (TN Bar # 24693)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Ste. 900
Memphis, TN  38104
901.544.0133
faye.williams@eeoc.gov
markeisha.savage@eeoc.gov

FOR DEFENDANT VALLEY TOOL, INC.

*/s/ James D. Harper*
JAMES D. HARPER (MS Bar #99386)
HARPER LITTLE, PLLC
800 College Hill Road, #5201
P.O. Box 3150
Oxford, MS 38655
662.234.0320
james@harperlittlelaw.com

11

## EXHIBIT A

## RELEASE

In consideration for $32,500.00 paid to me by Valley Tool, Inc., in connection with the resolution of *EEOC v. Valley Tool, Inc.* Case No. 3:19-cv-140 (N.D. Miss.), I waive my right to recover for any claims of discrimination and retaliation arising under the Americans with Disabilities Act that I had against Valley Tool prior to the date of this release and that were included in the claims alleged in the EEOC's complaint.


Date: _____          Signature: _____

## EXHIBIT B

## NEUTRAL REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of Veronica Folson while employed by Valley Tool, Inc. Company policy allows us to provide only dates of employment and position held in response to any employment inquiry.

We confirm that Ms. Folson employment began in the position of Sorter on March 6, 2017 and ended on April 17, 2017.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Valley Tool, Inc.

**EXHIBIT C**

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the United States District Court for the Northern District of Mississippi in the matter of *EEOC v. Valley Tool, Inc.,* Case No. 3:19-CV-140.

It is unlawful under the Americans with Disabilities Act to discriminate against any employee because of their disability. Discrimination includes not providing a disabled employee with a reasonable accommodation, if the accommodation does not impose an undue hardship on the employer. It is also unlawful to retaliate against an employee for opposing any practice made unlawful under the ADA.

Valley Tool supports and will comply with the ADA in all respects. Valley Tool will not discriminate against disabled employees; deny a reasonable accommodation to disabled employees; or take any action against employees because they have opposed employment practices made illegal by the ADA.

Valley Tool will not tolerate or condone disability discrimination or retaliation. In addition to violating federal law, disability discrimination and retaliation also violates company policy. Violation of this company policy by anyone employed by Valley Tool will result in disciplinary action up to and including termination.

If you believe you have been discriminated against because of your disability or retaliated against, you have the right to seek assistance from:

>Equal Employment Opportunity Commission
>1407 Union Avenue, Suite 900
>Memphis, TN 38104
>Telephone: 1-800-669-4000
>TTY: 1-800-669-6820
>Website: www.eeoc.gov.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice will remain posted for three (3) years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____          _____
Date                                  President, Valley Tool, Inc.